### EDMUND T. HASTINGS *vs.* ISAAC LIVERMORE & another.

The right of action for the obstruction of a watercourse, through which the plaintiff has a right of drainage, is not affected by the construction, at the same time, of a new drain through land of which the defendant owns the fee, to land not owned by him, although the plaintiff's land is thereby as effectually drained.

A witness testified that he never knew of the existence of a watercourse, and being asked, on cross-examination, whether he did not sign a petition to have this watercourse reopened, answered that he did, but that he did not read its contents, and was told at the time, by the person presenting it, that it was a petition for a new drain. *Held*, that, the person who presented it having testified that he explained the contents to him, the petition was admissible in evidence to contradict the witness.

ACTION OF TORT for the obstruction of an ancient watercourse running through the land of the plaintiff and of the defendants in Cambridge.

At the new trial ordered by this court, (7 Gray, 194,) and had before *Merrick*, J., at April ·term 1858 in Middlesex, it was admitted that the plaintiff was the owner of a parcel of land lying on the south side of Cambridge Street, and that the defendants were owners of land on the north side of that street and opposite to the land of the plaintiff. The plaintiff, who claimed nominal damages only, offered evidence that an ancient watercourse passed from his land through a culvert under that street, and into the land of the defendants, and that the defendants had obstructed the watercourse at the place where it passed into their land. The defendants offered evidence that, when they obstructed this watercourse, they had opened a ditch along the northerly side of Cambridge Street to Baldwin Street and along the easterly side of Baldwin Street, being wholly on land of which one of the defendants owned the fee, to lower land not belonging to the defendants or either of them, through which ditch the water passed off as freely from the plaintiff's land as it would have done through the former watercourse, if not obstructed ; and that they constantly maintained this ditch until the city of Cambridge stopped up the culvert across Cambridge Street, and so prevented the water from the plaintiff's land from reaching the northerly side of the street or the place of the obstruction. This evidence was excluded.

The defendants called as a witness Isaac Cutler, who testified that he lived in the neighborhood, and was acquainted with the lands of the plaintiff and the defendants, and that he never knew of any watercourse passing from the plaintiff's land into that of the defendants, until the defendants dug a ditch through their land. On cross-examination he was asked if he had signed a petition to the city government of Cambridge to have an ancient watercourse into the defendants' land, at the place in dispute, opened; and said that he believed that he signed a petition, but did not read it, or know its contents; that it was presented to him for his signature by Royal Richardson, who told him it was a petition to have a new drain made. Richard son was then called by the plaintiff, and testified that he could not swear certainly, but believed, that Cutler read and knew the contents of the petition when he presented it; and testified that he stated to Cutler its contents when he presented it to him for his signature, and did not tell him it was a petition to open a new drain. On cross-examination he was asked to state the language in which he stated the contents of the petition to Cutler, and answered that he could not give the language; that he told him it was a petition to have the obstructions to the drainage, that the defendants had put up, removed; and that he could not swear he had said more than that. The plaintiff was then allowed, against the defendants' objection, to put the petition into the case.

The jury returned a verdict for the plaintiff for nominal damages, and the defendants alleged exceptions.

*J. C. Dodge,* for the defendants. 1. When the water passed from the land of the plaintiff, he had nothing more to do with it, and no ground of complaint because the defendants diverted it, unless they turned it back upon him. The proprietor of land through which a watercourse passes may do what he will with it, if he does not turn it back on the proprietor above, and delivers it to the proprietor below at its natural place and level. An action may be maintained for obstructing a watercourse, without proof of actual damage; but not against a proprietor without proof of actual flowing, without which there is neither

damage nor injury. No right to maintain the obstruction could grow up by lapse of time, under these circumstances. The statute of limitations would not begin to run against the plaintiff until the water was actually thrown back upon his land in consequence of the obstruction. Angell on Watercourses, §§ 95, 340. *Norton* v. *Volentine,* 14 Verm. 239. *Ford* v. *Whitlock,* 27 Verm. 267. *Pastorius* v. *Fisher,* 1 Rawle, 27. *Parker* v. *Hotchkins,* 25 Conn. 321.

2. The petition signed by the witness Cutler was improperly admitted in evidence. He testified that he did not read it or know its contents, and that Richardson misrepresented the contents; and was not contradicted in this.

*J. G. Abbott & J. P. Converse,* for the plaintiff, cited, to the first point, *Hobson* v. *Todd,* 4 T. R. 71; *Appleton* v. *Fullerton,* 1 Gray, 194; *Hastings* v. *Livermore,* 7 Gray, 194; *Bolivar Manuf. Co.* v. *Neponset Manuf. Co.* 16 Pick. 241; *Newhall* v. *Ireson,* 8 Cush. 595; *Butman* v. *Hussey,* 3 Fairf. 407; *Whipple* v. *Cumberland Manuf. Co.* 2 Story R. 661; *Webb* v. *Portland Manuf. Co.* 3 Sumner, 189.

MERRICK, J.* This case has been before the court upon a former occasion; at which time the more material question which arose at the last trial, and which has been the principal subject discussed in the argument upon this bill of exceptions, appears to us to have been substantially, if not indeed directly, determined. The object of the parties, both in the prosecution and the defence of the action, is manifestly to ascertain and settle the rights to which they are respectively entitled, and to protect them against loss or infringement. For this purpose the plaintiff, claiming to recover only nominal damages for the alleged interference with his right, produced evidence tending to show that there was an ancient watercourse passing from his land through a culvert under Cambridge Street and thence upon and across the lands of the defendants, and that they had obstructed the passage of the water there by blocking up the ancient channel and diverting it therefrom. This diversion they did not deny, but attempted to justify it by showing that, at

---

* HOAR, J. did not sit in this case.

the same time when the obstruction was created, they opened a ditch on the northerly side of Cambridge Street to Baldwin Street, and thence along in Baldwin Street to lands in which they had no right or interest, through which the water passed off as freely from the plaintiff's land as it would have done through the land of the defendants if no obstruction had been created there; and they offered to produce evidence to this effect. But the evidence was rejected, upon the ground that the alleged facts, if fully proved, would constitute no justification of the injury complained of, nor prevent the plaintiff from maintaining his action; and because it was immaterial upon the question of damages, since only nominal damages were claimed.

At the trial preceding that in which the questions stated in the present bill of exceptions arose, the defendants relied, in justification of their admitted obstruction of the watercourse, upon the fact that the city of Cambridge had constructed a drain or common sewer in the public highway, by which the plaintiff's land was drained as effectually as it had before been by the open watercourse. But it was held, that this was no excuse for, or justification of, their tortious acts; and that, if the plaintiff had a right to the easement which he claimed in their lands, they could not disturb him in its enjoyment, or deprive him of its use, because it was not essential to the beneficial occupation of his own land, or because he had other means of draining it, equally or even more efficacious and convenient than that furnished by the ancient watercourse through theirs. *Hastings* v. *Livermore*, 7 Gray, 196.

This seems to be entirely decisive of the question. If the defendants unlawfully obstructed the stream, and thereby prevented its passage in its ancient channel over their lands, it is of no consequence by whom a ditch or drain, however large, effectual or sufficient, but liable to disturbance or interference, is constructed or provided, because the preparation of such new passage way does not constitute and cannot be availed of as a justification for depriving the plaintiff of his right to an uninterrupted enjoyment of his easement. The ditch which they proposed to show that they had constructed through Cambridge

and Baldwin Streets discharged the water of the stream coming from the plaintiff's land, according to their own statement in their proffer of evidence, upon lands not owned by them, but belonging to other parties. This did not, and could not, give to the plaintiff any absolute assurance that the water would be permitted to flow permanently through this new channel. It was not within his control, nor had he a legal right to claim a perpetual privilege to its use; but, like the sewer constructed by the city of Cambridge, it might at any time be interrupted, removed or changed; for the defendants could not impose, nor the plaintiff acquire by their grant, a right to an easement upon land to which they had no title, and over which they had no right to exercise any control. The evidence therefore which the defendants offered to produce upon this subject was rightly rejected, because the fact the existence of which they proposed to prove by it was wholly immaterial to their defence. It would, in the state of the case in which its admission was refused, have been of no possible use to the party producing it, as it had no tendency to establish a legal justification of the cause of action set forth in the declaration, or to reduce or diminish the damages demanded.

The petition signed by the witness Cutler was properly allowed to be given in evidence. It had some tendency to contradict one of the material statements in his testimony; and although it was not made perfectly clear how far he was cognizant of the contents of the paper which he signed, the degree of credit to which, upon all the proof, he was entitled, could only be determined by the jury, to whom the whole matter was properly submitted. *Exceptions overruled.*